·(15 Misc. Rep. 489.)

GOLDENSON v. LAWRENCE et al.

(City Court of New York, General Term.   January 28, 1896.)

1. WAREHOUSEMEN—TITLE TO GOODS STORED—EVIDENCE.

In an action against a warehouseman, for conversion of goods stored in the name of plaintiff, the defense that one S. had obtained the goods by fraud from W., who replevied them from defendants, and that notice thereof was given to plaintiff, is not sustained by the evidence, where it appears that S., before he obtained the goods, became indebted to plaintiff; that plaintiff obtained money by mortgaging her property, and loaned it to S.; and that, afterwards, she demanded payment from S., who told her that he did not have the money, but that he would give her part of his stock, and accordingly transferred to her the goods in question.

2. EVIDENCE—DOCUMENTS.

On an issue as to whether a transfer of goods to plaintiff to secure an alleged debt from the transferror was in good faith, a mortgage given by plaintiff on her property, accompanied by a coupon interest note, and memorandum of expenses of executing the mortgage, and a draft for the net proceeds of the mortgage in favor of the transferror, are admissible in evidence.

Appeal from trial term.

Action by Eva L. Goldenson against Chester R. Lawrence and others for conversion.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal.   Affirmed.

Argued before CONLAN, FITZSIMONS, and BOTTY, JJ.

Goodrich, Deady & Goodrich, for appellants.

David Leventritt, for respondent.

CONLAN, J.   Appeal from a judgment entered upon a verdict and from an order denying a motion for a new trial.

This action was brought to recover damages for the conversion of 16 casks of soda ash, valued at $500.   The answer, as originally interposed, admitted the delivery to the defendants (who were warehousemen) of 16 casks of soda ash, and that the plaintiff tendered the warehouse receipt therefor, and the storage, amounting to $12, and demanded redelivery thereof, and also admitted the partnership of the defendants, and denied all the other allegations of the complaint. Pursuant to an order made herein on the 21st day of March, 1892, the defendants were permitted to serve an amended answer, which added a seventh subdivision or paragraph to the original answer theretofore served.   This seventh paragraph constituted a separate and distinct defense, and alleges, in substance, that the soda ash in question was obtained by fraudulent practices and representations made by one Solomon Seligman to the firm of Welch, Holme & Clarke, which firm replevied the goods in question from the defendants, and that notice thereof was given to the plaintiff.   At the time of the granting of this order the defendants entered into a written stipulation with the plaintiff, which is found at folio 39 of the printed case, as a condition of allowing the amendment to the answer, whereby it was provided, among other things:

; ·"That if, at the close of the testimony, no evidence shall appear upon the minutes of the court that the plaintiff was the owner or holder, for full value,

of the soda ash, and also if no evidence shall appear upon the minutes of the court that the plaintiff, when she parted with such value, had knowledge or notice of the facts connected with the purchase or procurement, by one Solomon Seligman, from the firm of Welch, Holme & Clarke, of the soda ash referred to in the complaint, then and in that event all testimony that shall have been admitted in evidence to sustain the allegations of the seventh paragraph of the amended answer shall be stricken out upon plaintiff's motion; the trial then to proceed as if paragraph 7 were omitted and stricken out."

Upon the trial of the action it appeared that one Solmon Seligman became indebted to the plaintiff in March, 1891, in the sum of $500 for money loaned, and that the soda ash in question was not bought by Seligman until May, 1891; so that, at the time of the creation of the indebtedness of Seligman, knowledge or notice of any fraud on the part of Seligman in the procuring of the soda ash could not have been imparted or imputed to her (the plaintiff). The transaction had not taken place.

To support the good faith of the loan by plaintiff to Seligman, the plaintiff put in evidence a mortgage given by her, jointly with her husband, upon land purchased by her money, accompanied with a coupon interest note, and a memorandum of the expenses attending the execution of the mortgage, which amounted to $36.90, leaving, as proceeds of the loan, $493.10, which amount was handed to Seligman in a draft, he agreeing to pay the expenses, amounting to $39.09, as a condition of obtaining the loan from the plaintiff, who was his sister. This evidence is undisputed. Subsequently, as appears from the evidence, the plaintiff desired repayment of the loan, and called upon Seligman for that purpose at his place of business, and demanded the money; but Seligman said he did not have it, but, if she desired payment then, he would turn over to her some of his stock, and it was agreed that she should have 16 casks of soda ash in payment, and the same were turned over to her at that time, and were afterwards sent, in her name, E. L. Goldenson, to the defendants' warehouse, and they issued their warehouse receipt therefor. The conversation between plaintiff and Seligman was corroborated by the witness Londe. This testimony is uncontradicted by the defendants. Subsequently, the plaintiff called at the defendants' place of business, tendered them the warehouse receipt that had been issued in the name of E. L. Goldenson, and the amount of the storage, and demanded the delivery to her of the property, which was refused. This is admitted by the answer.

We have looked in vain for any evidence which assails the good faith of the loan by the plaintiff to the brother, Seligman, or that imputes to her any knowledge of fraudulent transactions of Seligman, as set forth in the seventh paragraph of the amended answer, and are of the opinion that the motion to strike out paragraph 7 and all of the testimony offered thereunder regarding the representations that were alleged to have been made by Seligman with reference to the purchase from Welch, Holme & Clarke, at folios 270 and 271, was properly granted.

With this feature of the case eliminated, the plaintiff's title to the soda ash in question became undisputed in every particular. She had parted with her money in good faith, and, when the borrower

could not repay on demand, he delivered to her, in payment, the soda ash in question, and the same was stored for her account and in her name by the defendants, who issued to her thereafter their warehouse receipt, and on its presentation to them, they refused to deliver the goods which it called for, after being tendered the amount due for storage.

The defendants appear to have been fully satisfied with the charge of the trial justice, as no exception was taken thereto; and, indeed, it was in all respects fair to them.

We have examined the other exceptions taken by the defendants, but do not think they are of any importance to the defendants upon this appeal, in view of all the circumstances attending the trial of the case in the court below. The evidence admitted tending to show the good faith of the loan was, we think, properly admitted. The defendants had attacked the good faith of the transaction, and the documents relating to the loan were certainly the best evidence that could be offered; and, besides, they fully corroborate the testimony of the plaintiff.

For these reasons we are of the opinion that the judgment and order appealed from should be affirmed, with costs. All concur.